**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DIANNE HARKNESS MOSLEY,

      Plaintiff,

vs.                          CASE NO. 3:07-cv-729-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

_____

## <u>ORDER AND OPINION</u>

This matter is before the Court on Plaintiff's complaint (Doc. #1) seeking review of the final decision of the Commissioner of the Social Security Administration (the Commissioner) denying Plaintiff's claim for disability insurance benefits (DIB). 42 U.S.C. § 405(g) (2007). Plaintiff filed a legal brief in opposition to the Commissioner's decision (Doc. #12, P's Brief). Defendant filed his brief in support of the decision to deny disability benefits (Doc. #17, D's Brief). The Commissioner has filed the transcript of the administrative proceedings (hereinafter referred to as "Tr." followed by the appropriate page number). Upon review of the record, the Court found the issues raised by Plaintiff were fully briefed and concluded oral argument would not benefit the Court in making its determinations. Accordingly, the matter has been decided on the written record. For the reasons set out herein, the decision is **AFFIRMED**.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

In the instant action, Plaintiff protectively filed an application for DIB on December 8, 2004 (Tr. 41-43, 54). Plaintiff alleged a disability onset date of October 2, 1999 (Tr. 41). She alleged an inability to work due to Hepatitis C, arthritis and a pinched nerve in her

back, food allergies, migraine headaches, and acid reflux disease (Tr. 46).  Plaintiff was represented by Mr. Thomas M. Farrell, IV, Esq., during the underlying administrative phase of this case (Tr. 33-35).  After being denied initially and upon reconsideration (Tr. 26, 27), Plaintiff requested a hearing, which was held on December 19, 2006 in Jacksonville, Florida before Administrative Law Judge (ALJ) Robert Isbell (Tr. 638-67).  Plaintiff appeared and testified at the hearing.  Medical expert Dr. Kenneth Cloninger, M.D., also appeared and testified.

Prior to Dr. Cloninger testifying, the ALJ asked Mr. Farrell if he would like Plaintiff to be present during the testimony, but Mr. Farrell declined to bring Plaintiff into the room (Tr. 641).  At the hearing, Dr. Cloninger referred to a "paucity of evidence in the record" (Tr. 648).  The ALJ asked Mr. Farrell if there was "another exhibit that [he would] like to bring to [his] attention" and Mr. Farrell replied he did not have anything other than what was already discussed (Tr. 647).

Plaintiff was fifty-seven (57) years old at the time of the administrative hearing.[1] Plaintiff received a high school diploma through the mail (Tr. 52, 656) and previously worked as an electronics assembler, correctional institute supervisor, assembler, housekeeper, and cook (Tr. 57-62).

On March 8, 2007, ALJ Isbell issued a hearing decision denying Plaintiff's claim (Tr. 11-21).  Plaintiff submitted additional medical records from Shands Hospital, covering the period of October 8, 1999 to August 3, 2001, to the Appeals Council (AC) for review (Tr. 8).  Upon consideration of the newly submitted evidence, the AC denied Plaintiff's request

---

[1] The record reflects Plaintiff was born September 26, 1949 (Tr. 657).

for review, making the hearing decision the final decision of the Commissioner (Tr. 5-7).

Mr. William E. Horne, Jr., Esq., now represents Plaintiff in this case.  The instant action was filed in federal court on August 9, 2007 (Doc. #1, Complaint).  On January 24, 2008, Plaintiff filed the Motion to Receive New Evidence in Consideration of a Remand Pursuant to the Sixth Sentence of 42 U.S.C. § 405(g) (Doc. #13). In the referenced motion Plaintiff seeks to submit medical evidence from University of Florida Health Science Center / Jacksonville, not presented at the administrative level, as well as the medical records from Shands Hospital that were presented to the AC (Doc. #13).

The Court has reviewed and given due consideration to the record in its entirety, including the parties' arguments presented in their briefs, the materials provided in the transcript of the underlying proceedings, and the newly presented medical records.

### SOCIAL SECURITY ACT ELIGIBILITY, THE ALJ DECISION AND THE STANDARD OF REVIEW

A plaintiff is entitled to disability benefits when he or she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less that 12 months.  20 C.F.R. § 404.1505.[2]  The Commissioner has established a five-step sequential evaluation process for determining whether Plaintiff is disabled and therefore entitled to benefits.  *See* 20 C.F.R. § 404.1520; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).  Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

---

[2] All references to 20 C.F.R. shall be to the 2007 edition, unless otherwise noted.

3

The ALJ's decision dated March 8, 2007 denied Plaintiff's claim (Tr. 11-21).  At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity during the period between her alleged onset date and her date last insured of December 31, 2000 (Tr. 16). At step two, the ALJ found Plaintiff had severe impairments of degenerative disc disease, degenerative joint disease and Hepatitis C infection (Tr. 16).  At step three, the ALJ found these impairments did not meet or equal, either singly or in combination with any other impairment, any of the impairments listed in Appendix 1, Subpart P of the Regulation No. 4 (Tr. 17).  The ALJ determined that Plaintiff had no exertional limitations (Tr. 18).  At step four, the ALJ determined that Plaintiff could do past relevant work as an electronics assembler, correctional institute supervisor and cook (Tr. 20).  Thus, there was no need for the ALJ to proceed to step five to determine if other work that Plaintiff could perform existed in significant numbers in the economy.  The ALJ determined Plaintiff was not disabled within the meaning of the Social Security Act (Tr. 20).

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla, but less than a preponderance-- in other words, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district

court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992).

The Commissioner must apply the correct law and demonstrate that he has done so. While the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the Court has not re-weighed the evidence, but has determined whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the Plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

### ANALYSIS

Plaintiff raises three main issues on appeal. First, Plaintiff requests a sentence six remand under 42 U.S.C. § 405(g) for consideration of new evidence (P's Brief at 16; Doc. #13). Plaintiff also appeals the AC's denial of review, notwithstanding the new evidence presented (*see* Doc. #1; P's brief at 12). Second, Plaintiff alleges the ALJ did not substantially evaluate Plaintiff's claim (P's Brief at 7). Here Plaintiff argues the ALJ erred by not satisfying his duty to fully and fairly develop the record in that he failed to question Plaintiff about missing medical records pertaining to her Hepatitis C treatment (P's Brief at

8-10).  Plaintiff also argues the onset date of disability should have been amended to 1997, which is reportedly when Plaintiff actually stopped working (P's Brief at 8).  Third, Plaintiff alleges the ALJ inadequately evaluated Plaintiff's residual functional capacity (RFC) and her pain with subjective symptoms (P's Brief at 13).

Defendant argues the ALJ's decision is supported by substantial evidence and the AC properly denied Plaintiff's request for review (D's Brief at 4).   More specifically, Defendant asserts Plaintiff's due process rights were not violated, Plaintiff's RFC and credibility were properly assessed, and Plaintiff's request to amend the alleged onset date at this point is without merit (*see generally* D's Brief). Defendant further argues that the medical records from University of Florida Health Science Center do not warrant a remand pursuant to sentence six of 42 U.S.C. § 405(g) (D's Brief at 12).

## Motion to Supplement the Record

Plaintiff requests a sentence six remand so new evidence not presented at the administrative stage may be considered.  The sixth sentence of § 405(g) permits courts to remand cases to the Commissioner to consider new evidence not previously submitted at the administrative level.  42 U.S.C. § 405(g).  However, sentence six remands are only "appropriate when the district court learns of evidence not in existence or *available* to the claimant at the time of the administrative proceeding . . . ."  *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1267 (11th Cir. 2007) (emphasis added) (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)).

In order to justify a remand for consideration of new evidence in the Eleventh Circuit, Plaintiff must show: (1) there is new, noncumulative evidence; (2) the evidence is material, in that it is relevant and probative so there is a reasonable possibility that it would change

6

the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level. *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986) (citing *Cherry v. Heckler*, 760 F.2d 1186, 1192-94 (11th Cir. 1985)). Review of the evidence submitted with Plaintiff's Motion to Receive New Evidence (Doc. #13)[3] reveals Plaintiff does not meet the standards for new and noncumulative evidence or good cause.

Plaintiff asserts the medical records from the University of Florida Health Science Center constitute new and noncumulative evidence because they were not previously considered at the administrative level (Doc. #13 at § 2). In the Eleventh Circuit, new evidence is evidence not previously before the ALJ. *See Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987). In *Sherrod v. Chater*, the court indicated that only evidence unavailable at the administrative level is deemed to be new evidence under the *Cherry* standard. 74 F.3d 243, 246 (11th Cir. 1996). At least one district in the Eleventh Circuit has held that evidence available before the administrative hearing does not constitute new evidence. *Butler v. Barnhart*, 347 F. Supp. 2d 1116, 1124 (M.D. Ala. 2003). The Court also notes 42 U.S.C. § 405(g) contemplates the evidence must neither be in existence nor available to the claimant during the administrative proceeding. *See Sherrod*, 94 F.3d at 246.

Here, the medical records were available at the time of the administrative

---

[3] As an ancillary matter, the Court notes that while Plaintiff refers to "90 pages" of "new evidence" (Doc. #13 at 1), two of the pages consist of a medical release authorization and a customer tracking record from the copying service Bactes Imaging Solutions, Inc. Thus, there were 88 total pages of medical related documents submitted for the Court's review. The Court further notes the new evidence sought to be introduced at this level consists of 42 pages of doctor's notes regarding Plaintiff's Hepatitis C treatment. The remaining 46 pages included with Plaintiff's motion to supplement the record were previously submitted to the AC.

proceedings.  However, Plaintiff failed to obtain the records during that time.  Plaintiff's current counsel theorizes that Plaintiff's earlier legal counsel may have neglected to notice the different addresses of Shands Hospital and the University of Florida Health Science Center / Jacksonville (*see* P's Brief at 12-13).  Nonetheless the Court finds the medical records from University of Florida Health Science Center do not constitute new evidence as the evidence was available to Plaintiff at the administrative level.

Even if the medical records sought to be introduced at the district level could be found as new and noncumulative evidence, Plaintiff fails to satisfy the good cause requirement for a sentence six remand.  It is well established in the Eleventh Circuit that the good cause requirement is met if the new evidence did not exist during the administrative proceedings.  *See Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1218-19 (11th Cir. 2001)*; Cannon v. Bowen*, 858 F.2d 1541, 1546 (11th Cir. 1988); *Cherry*, 760 F.2d at 1192.  The Eleventh Circuit has also held that good cause may be shown even if the evidence was available to the claimant at the administrative level.  *Falge v. Apfel*, 150 F.3d 1320, 1323-24 (11th Cir. 1998).

The court in *Milano v. Bowen* described the purpose of the good cause requirement is to "prevent the bad faith manipulation of the administrative process. . . [by precluding] claimants from attempting to withhold evidence with the idea of obtaining another bite of the apple if the Secretary decides that the claimant is not disabled."  809 F.2d 763, 767 (11th Cir. 1987) (internal quotations omitted) (holding a *de minimus* procedural default satisfied the good cause requirement).  In *Caulder v. Bowen*, the court determined that although the evidence was available during the time of administrative proceeding, the claimant was limited in his opportunity to present the evidence due to his hospitalization.

8

791 F.2d at 879.  The *Caulder* court found Caulder had not procrastinated in obtaining the evidence which had been available during the time of administrative proceeding.  *Id.*  Here there is a question as to whether the failure to obtain the records constituted procrastination because Plaintiff was represented and was not limited in her opportunity to retrieve the records.

In the instant case, Plaintiff was represented by counsel who was asked by the ALJ if there were anything else to discuss with the medical expert during the hearing or to add to the medical evidence (Tr. 647).  Plaintiff's attorney declined the offer (Tr. 647).  In *Taylor v. Apfel*, a factually similar case, the court held that good cause existed for the plaintiff's failure to introduce new evidence at the administrative level since the plaintiff's prior attorney had failed to obtain the new mental examination and intelligence tests that plaintiff's new attorney had obtained subsequent to issuance of the ALJ's decision and then sought to submit to the AC which denied review of the additional evidence.  No. Civ.A. 00-0486-BH-M, 2001 WL 228065, at *4 (S.D. Ala. Feb. 7, 2001).  Conversely, in this case Plaintiff's new attorney seeks to submit "new evidence" at the district level, part of which was considered by the AC (Tr. 5) and all of which did exist during the time of administrative proceeding, but simply was not obtained and presented.

"Congress clearly intended that good cause remands should be narrowly circumscribed, so that undue delays do not burden appeals in this type of case."  *Brown v. Schweiker*, 557 F.Supp. 190, 193 (M.D. Fla. 1983).  Accordingly, the failure to recognize that Shands Hospital and University of Florida Health Science Center are separate entities with different addresses does not amount to the good cause required in the Eleventh Circuit.

**The AC's Denial of Review**

Plaintiff alleges the AC improperly denied review notwithstanding the new evidence submitted (*see* Doc. #1; P's Brief at 12).  Evidence first submitted to the AC is to be reviewed by this Court when determining the correctness of the AC decision to deny review.  *See Ingram*, 496 F.3d at 1261-67; *see also Falge*, 150 F.3d at 1323-24.  "The Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record."  *Ingram*, 496 F.3d at 1261 (internal quotations omitted).

Here, the AC incorporated the medical records from Shands Hospital into the record (Tr. 8).  However, upon its consideration of the evidence the AC determined there was no basis to review the ALJ's decision (Tr. 5-6).  The records from Shands consist of laboratory results during Plaintiff's treatment of Hepatitis C from October 8, 1999 to August 3, 2000 (Tr. 530-637).  While these records are chronologically relevant, the Shands medical records are neither new nor material.  The lab tests have essentially normal results and do not indicate Plaintiff incurred any work related limitations from the treatment of her Hepatitis C.  Thus, the ALJ's decision is not contrary to the weight of the evidence in light of the medical records first submitted to the AC.

**The ALJ's Duty to Develop the Record**

Plaintiff argues the ALJ failed to properly develop the record by overlooking medical records from Shands which were missing from the record (P's Brief at 8).  The ALJ has a duty to fully and fairly develop the record.  *Welch v. Bowen*, 854 F.2d 436, 438 (11th Cir.

1988). The ALJ's affirmative duty to develop the record exists regardless of whether or not a claimant is represented by counsel. *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995). However, before a court will find a plaintiff's right to due process has been violated by the ALJ's failure to develop the record, the plaintiff must show prejudice. *Brown*, 44 F.3d at 935 (citing *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985)). In determining whether a claimant has demonstrated prejudice, the court should be guided by whether the record reveals evidentiary gaps which result in unfairness or "clear prejudice." *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997).

As Plaintiff was represented by counsel throughout the administrative phase of this case, the ALJ's development of the record need not rise to the special duty required under *Brown*. While it is correct that the ALJ has a duty to develop a full and fair record, the claimant bears the burden of proving she is disabled and therefore is responsible for producing evidence supporting her claim. *See Bowen*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he [or she] furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). The ALJ's duty to develop the record requires him/her to develop the claimant's complete medical history for at least the twelve months preceding the month in which the application was filed, unless there is a reason to believe that development of an earlier period is necessary. 20 C.F.R. § 404.1512(d).

Plaintiff argues the ALJ should have been aware of the missing records from Shands Hospital as the medical expert testified to a paucity of evidence in the record (P's Brief at

11

7; Tr. 648). However, the ALJ specifically asked Plaintiff's counsel during the hearing if there was any other exhibit that he wanted to bring to the ALJ's attention (Tr. 647). As the Middle District of Alabama once stated, "While the ALJ is required to fully develop the record before ruling on claims of disability, [he] is under no duty to go to inordinate lengths to develop a claimant's case." *McCray v. Massanari*, 175 F.Supp.2d 1329, 1340 n.9 (M.D. Ala. 2001) (internal citation omitted).

Even assuming *arguendo* that the ALJ should have been aware of the need to order medical records of Plaintiff's treatment for Hepatitis C, Plaintiff is required to show she was prejudiced by the evidentiary gap. In the instant matter, the ALJ relied on doctors' notes indicating that Plaintiff's Hepatitis C treatment was successful and Plaintiff was reportedly feeling fine (Tr. 17-18, 251). The medical records submitted to the AC for review consisted of laboratory test results concerning Plaintiff's Hepatitis C treatment, as well as documentation about Plaintiff's colonoscopy (Tr. 530-637). Nothing in the medical records from Shands relates to Plaintiff's neck and back pain. Furthermore, the Shands medical records do not indicate Plaintiff's Hepatitis C treatment was either ineffective or limited her ability to work.

**Onset Disability Date**

Plaintiff's argument that her onset date of disability should have been amended to 1997 when Plaintiff stopped working is simply without merit (*see* P's Brief at 8).[4] According to SSR 83-20, the applicant's allegations, work history, and medical and other evidence are

---

[4] Plaintiff did not allege a particular date in her brief but rather a year (P's Brief at 8).

factors used to determine the onset date of disabilities of non-traumatic origin.  SSR 83-20, 1983 WL 31249 at *2 (S.S.A. 1983).  The date alleged by the applicant is given more weight if it is consistent with the evidence of record.  *Id.* at *3.

Here, Plaintiff alleged an onset date of October 2, 1999 in her application for DIB, her disability report and during the hearing (Tr. 41, 47, 657).  On December 18, 2006, Plaintiff's earlier counsel requested amendment of Plaintiff's disability onset date to September 26, 1999 (Tr. 508).  Plaintiff now argues the onset date should be changed because Plaintiff's counsel suggested the year 1997 is more reflective of Plaintiff's earnings record.  The Court notes Plaintiff asserted in her disability report that she stopped working on February 1, 1996 because of her move to Jacksonville, Florida (Tr. 47).  Furthermore, Plaintiff testified she chose the onset date of October 2, 1999 because on that date she went to the emergency room to be treated for symptoms of Hepatitis C (Tr. 657).  Therefore, the onset date of October 2, 1999 is supported by substantial evidence in the record.

**Due Process Requirements**

Plaintiff argues due process requirements were not met because she did not waive her right to appear at the hearing  (P's Brief at 10-11).[5]  However, Plaintiff did appear and testify at the hearing (Tr. 655-66).  Plaintiff was inexplicably absent from the room during the medical expert's testimony (Tr. 641).  Plaintiff's counsel was given the opportunity to find his client and bring her into the hearing room before the medical expert took the stand,

---

[5] Plaintiff also seems to argue an "off-the-record" discussion between the ALJ and Plaintiff's attorney, identifying Exhibit 6F as the main exhibit to consider, was improper (P's Brief at 10 n.5).  Discussions outside the record are not subject to review by this Court.

13

but he declined to do so (Tr. 641).

An administrative hearing must be fair to comply with due process requirements. *See Withrow v. Larkin*, 421 U.S. 35, 46 (1975). In recognition of the necessity for fairness, Social Security Ruling 79-19 established requirements for a valid waiver of personal appearance at a hearing. For example, the ruling provides the waiver of personal appearance must be in writing. SSR 79-19, 1979 WL 15541 at *1 (S.S.A. 1979).

Plaintiff argues the ALJ erred by not complying with the SSR 79-19 requirement that a waiver of personal appearance at a hearing be in writing (P's Brief at 10-11). However, the requirements of SSR 79-19 are designed to inform claimants of the importance of "detailed testimony as to the individual's activities, background, experience, etc." as well as the ALJ's personal observations of the claimant. SSR 79-19, 1979 WL 15541 at *2 (S.S.A. 1979). Thus, it appears, SSR 79-19 requirements are only applicable when a claimant or his/her representative waives his/her right to appear for the entirety of the hearing, not merely a portion thereof. In the instant case, Plaintiff testified at the hearing and was represented by an attorney who was present throughout the entire hearing. The purpose of the waiver requirements was satisfied because the ALJ heard Plaintiff's testimony and did observe her at the hearing.

Furthermore, the ALJ asked Plaintiff's attorney if he wanted Plaintiff to be present during Dr. Cloninger's testimony, as well as if he would like to discuss any other exhibit (Tr. 641, 647). Plaintiff's attorney declined both opportunities (Tr. 641, 647). Under the Florida Rules of Professional Conduct, "a lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation." Fla. Rules of Professional Conduct 4-1.2 (2007). In *Hudson v. Heckler*, the Eleventh Circuit held no due process violation

14

occurred because a paralegal representative's failure to cross-examine waived the right. 755 F.2d 781, 785 (11th Cir. 1985).  Thus it follows that Plaintiff's attorney waived his client's presence during a portion of the hearing without violating her due process.

**The ALJ's Determination of Plaintiff's RFC**

Plaintiff alleges the ALJ inadequately evaluated Plaintiff's RFC and her pain with subjective symptoms (P's Brief at 13).  The RFC is an assessment based on all relevant evidence of a claimant's remaining ability to do work despite her impairments.  20 C.F.R. § 404.1545(a).  The focus of this assessment is on the doctors' evaluations of the claimant's condition and the medical consequences thereof.  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  If a claimant can still do the kind of work she has done in the past, then the Regulations require that she be found not disabled.   In evaluating a claimant's RFC, the ALJ is obliged to consider all of the claimant's impairments.

First, Plaintiff argues the ALJ did not properly consider in determining Plaintiff's RFC that the side effects of Hepatitis C treatment are usually disabling (P's Brief at 14). However, a review of the record does not indicate that Plaintiff herself actually experienced disabling side effects from Hepatitis C treatment, even if the new medical records were considered.

Second, Plaintiff argues that an anemic fifty-one (51) year old[6] woman could not perform heavy to very heavy work.  However, Social Security Ruling 96-8p addresses this issue with the direction to ALJs,

"It is incorrect to find that an individual has limitations or restrictions beyond

---

[6] Plaintiff was born on September 26, 1949.  Thus she was fifty-seven (57) at the time of the hearing.

15

> those caused by his or her medical impairment(s) including any related
> symptoms, such as pain, due to factors such as age or height, or whether the
> individual had ever engaged in certain activities in his or her past relevant
> work (e.g., lifting heavy weights)"

SSR 96-8p, 1996 WL 374184 at *2 (S.S.A. 1996).   Thus, Plaintiff's argument that her age

prevents her from having the capacity to perform heavy to very heavy work is without merit.

Plaintiff appears to allege the ALJ erred in failing to consider that her previous jobs were

classified as light to medium work rather than heavy to very heavy (P's Brief at 6).   This

argument is also unavailing since under SSR 96-8p her previous work activities are

irrelevant in determining her RFC.

Plaintiff's allegation that her anemic blood levels preclude the ALJ's determination

that Plaintiff had no exertional limitations is also without merit.   RFC assessments evaluate

"the extent to which an individual's medically determinable impairment(s), including any

related symptoms, such as pain, may cause physical or mental limitations or restrictions

that may affect his or her capacity to do work-related physical and mental activities."   SSR

96-8p, 1996 WL 374184 at *2 (S.S.A. 1996).   Plaintiff did not list anemia in her Adult

Disability Report as an impairment that affected her ability to work   (Tr. 46).   None of the

relevant medical records indicate Plaintiff's ability to work was significantly limited by

anemia.     In fact, upon review of the relevant medical records submitted at the

administrative level, Plaintiff has not been diagnosed with anemia.

Plaintiff argues that the ALJ did not consider all the evidence in making his

determination because the medical expert he relied on had not reviewed Exhibits 7F

through 16F and the records submitted to the AC (P's Brief at 15 n.12).   Exhibits 7F - 16F

are not relevant to the ALJ's decision because the records relate to Plaintiff's condition after

her date last insured.  Exhibit AC1 was not before the ALJ for consideration.

Plaintiff refers in her brief to an issue as to whether the ALJ adequately evaluated Plaintiff's pain with subjective symptoms.  However, Plaintiff did not substantively raise any argument on that point in the body of her brief.  In the absence of an argument, the issue is deemed abandoned.  *Rowe v. Schreiber*, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998).

Furthermore, independent review of the ALJ's decision reflects the ALJ's consideration of Plaintiff's credibility was consistent with the standard in the Eleventh Circuit.  When a claimant attempts to establish disability through her own testimony of subjective pain symptoms, the ALJ must apply the Eleventh Circuit's three-part pain standard:

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition *or* (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Foote v. Chater*, 67 F.3d at 1560 *(quoting Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (emphasis added)).

Where an ALJ decides not to credit a claimant's testimony about subjective conditions, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding.  *Holt*, 921 F.2d at 1223; *see also Jones v. Dep't of Health and Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulating reasons must be based on substantial evidence).  A reviewing court will not disturb a clearly articulated finding with substantial supporting evidence in the record.  *Foote*, 67 F.3d at 1561-62; *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

Here, the ALJ specifically referred to the pain standard in his decision (Tr. 19). Having concluded that he had to make a credibility determination of Plaintiff's subjective complaints, the ALJ recognized that he had to articulate a reasonable basis for his determination and did so.  *See Allen v. Sullivan*, 880 F.2d 1200, 1203 (11th Cir. 1989) (giving three specific reasons to reject appellant's subjective complaints of pain, is sufficient to properly discount appellant's testimony).

In considering Plaintiff's subjective complaints, the ALJ properly took into account Plaintiff's testimony (Tr. 19-20).  Although Plaintiff asserted the symptoms she described during her testimony were substantially the same prior to her date last insured, the ALJ noted much of Plaintiff's testimony concerned her condition after the relevant period (Tr. 20).  The ALJ determined the objective medical evidence did not support Plaintiff's alleged intensity of pain during the relevant period (Tr. 20).  On November 6, 2000, an exam of Plaintiff's lumbar area revealed no tenderness and a normal range of motion (Tr. 245).  The ALJ also noted Plaintiff's Hepatitis C infection was effectively treated (Tr. 20).  The ALJ's finding that Plaintiff's testimony and subjective statements concerning her pain were not fully credible, is supported by substantial evidence.

The ALJ's assessment that Plaintiff had no exertional limitations is consistent with the evidence of record.  Further, a review of this decision reveals the ALJ carefully reviewed the medical evidence and other evidence of record when assessing Plaintiff's RFC.  Thus, the undersigned finds substantial evidence supports the ALJ's determination of Plaintiff's RFC.

## CONCLUSION

Accordingly, Plaintiff's Motion to Receive New Evidence in Consideration of a

Remand Pursuant to the Sixth Sentence of 42 U.S.C. § 405(g) (Doc. #13) is hereby **DENIED**.  For the foregoing reasons, the undersigned finds the decision of the ALJ that Plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence.   Further, the undersigned finds the AC properly denied review notwithstanding the new evidence.   The Commissioner's decision is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk of the Court is directed to enter judgment consistent with this Order and Opinion and, thereafter, to close the file.   Each party shall bear its own costs.

**DONE AND ORDERED** at Jacksonville, Florida this 25th day of August, 2008.

**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record

19